IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
ROBERT PARDEE,                )
                              )
            Petitioner,       )        8:14CV185
                              )
      v.                      )
                              )
MICHAEL KINNEY, Director,     )        MEMORANDUM AND ORDER
Neb. Dept. C.S.,              )
                              )
            Respondent.       )
_____)
```

This matter is before the Court on petitioner Robert Pardee's response (Filing No. 12) to the Court's order dated September 2, 2014. Also pending are Pardee's Motion to Appoint Counsel (Filing No. 4), Motion to Vacate and Set Aside Conviction (Filing No. 5), and Motions to Extend (Filing Nos. 6 and 12, Part 2 of 2). The Court will address each of these filings in the paragraphs that follow.

**A.   Response to Show Cause Order**

On September 2, 2014, Pardee was ordered to show cause within 30 days why this case should not be dismissed for his failure to pay the filing fee. (*See* Filing No. 11.) On September 2, 2014, the Docket Sheet did not reflect that Pardee had paid the filing fee. In Pardee's response dated September 9, 2014, he provided proof of his payment of the filing fee in this matter. (*See* Filing No. 12 at CM/ECF p. 2.)

The Docket Sheet now reflects that Pardee paid the $5.00 filing fee on July 11, 2014. However, due to an administrative error, Pardee's payment of the $5.00 filing fee was not docketed until September 9, 2014. (*See* text-only entry dated July 11, 2014, reflecting the payment was "Entered: 09/09/2014.") In light of the foregoing, the Court finds that Pardee has paid the filing fee, and this case should not be dismissed for failure to do so.

**B.     Pending Motions**

Pardee seeks (1) the appointment of counsel, (2) a finding that his conviction and sentence are void, and (3) a finding that his habeas corpus petition was filed within the governing one-year statute of limitations or that he is entitled to equitable tolling of the limitations period. Pardee's requests for relief are premature.

The Court must conduct a preliminary review of Pardee's petition for writ of habeas corpus in accordance with Rule 4 of the *Rules Governing Habeas Corpus Cases*. The Court cannot conduct its review of the petition because it is unsigned. (*See* Filing No. 1.) As provided in the Text Notice of Deficiency dated September 9, 2014, Pardee's petition is considered deficient because it is not signed. Pardee must correct the

deficiency or the pleading will be stricken from the record of this case.

As for Pardee's motion seeking the appointment of counsel, it will be denied without prejudice to reassertion at a later time. As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The Court will not review Pardee's claims until after he has filed a signed habeas corpus petition. Thus, no determination can be made as to whether appointment of counsel is warranted at this time.

As for Pardee's motions seeking a finding relating to the merits of his claims or whether his claims are barred by the relevant statute of limitations, the Court generally cannot make such findings in a habeas corpus case until after it has reviewed the relevant state court records. The Court will order respondent to produce the relevant state court records only if the petition survives the Court's preliminary review. A

preliminary review of the petition will not be conducted unless and until Pardee files a signed petition.

IT IS ORDERED:

1. Pardee has shown cause why this case should not be dismissed for a failure to pay the filing fee. However, this matter will not proceed on Pardee's unsigned petition for writ of habeas corpus. In accordance with the Text Notice of Deficiency dated September 9, 2014, Pardee must submit a signed petition for writ of habeas corpus within 15 days of September 11, 2014.

2. All pending motions (Filing Nos. 4, 5, 6, and 12, Part 2 of 2) are denied without prejudice to reassertion for the reasons discussed above.

DATED this 11th day of September, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.