IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

ROBERT R. PARDEE,                )
                                 )
              Petitioner,         )        8:14CV185
                                 )
         v.                      )
                                 )
SCOTT FRAKES, Director,          )        MEMORANDUM OPINION
Neb. Dept. C.S.,                 )
                                 )
              Respondent.        )
_____ )


        This matter is before the Court on respondent's
unopposed Motion for Summary Judgment (Filing No. 19).
Respondent argues all of petitioner Robert Pardee's ("Pardee")
habeas corpus claims are procedurally defaulted.  The Court
agrees.

### I.  BACKGROUND

        The State of Nebraska ("State") charged Pardee by
information in the District Court of Seward County, Nebraska
("state district court") with unlawful racketeering activity.
(Filing No. 20-1 at CM/ECF pp. 1, 5.)  Pardee pled no contest to
the charge on April 9, 2013.  (*Id.* at CM/ECF p. 5.)  On June 10,
2013, the state district court sentenced Pardee to two to three
years imprisonment.  (*Id.* at CM/ECF p. 4.)  Pardee did not appeal
his conviction and sentence or file a postconviction action.

Pardee filed a Petition for Writ of Habeas Corpus (Filing No. 1) in this Court on June 9, 2014.  His claims are summarized in the Court's order on initial review dated October 10, 2014.  (*See* Filing No. 15 at CM/ECF pp. 1-2.)  Respondent filed the Motion for Summary Judgment (Filing No. 19) at issue here on November 14, 2014.  Pardee did not oppose the motion.

## II.   STANDARD OF REVIEW

As set forth in 28 U.S.C. § 2254:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>     (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(I) there is an absence of available State corrective process; or
>
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to

-2-

> resolve federal constitutional
> claims before those claims are
> presented to the federal
> courts . . . state prisoners must
> give the state courts one full
> opportunity to resolve any
> constitutional issues by invoking
> one complete round of the State's
> established appellate review
> process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state

prisoner must therefore present the substance of each federal

constitutional claim to the state courts *before* seeking federal

habeas corpus relief.  In Nebraska, "one complete round"

ordinarily means that each § 2254 claim must have been presented

in an appeal to the Nebraska Court of Appeals, and then in a

petition for further review to the Nebraska Supreme Court if the

Court of Appeals rules against the petitioner.  *See Akins v.*

*Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

When "no state court remedy is available for the

unexhausted claim -- that is, if resort to the state courts would

be futile -- then the exhaustion requirement in § 2254(b) is

satisfied, but the failure to exhaust 'provides an independent

and adequate state-law ground for the conviction and sentence,

and thus prevents federal habeas corpus review of the defaulted

claim, unless the petitioner can demonstrate cause and prejudice

for the default.'"  *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th

-3-

Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).  Stated another way, if a claim has not been presented to Nebraska's appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted.  *Akins*, 410 F.3d at 456 n. 1.

### III.  DISCUSSION

Pardee did not present any of his claims in Nebraska's appellate courts because he did not appeal his sentence or file a postconviction action.  The Court will briefly explain why he is now barred from presenting his claims in Nebraska's appellate courts.

To perfect an appeal under Nebraska law, a defendant is required to file a notice of appeal within 30 days after a court enters its judgment.  Neb. Rev. Stat. § 25-1912.  Pardee did not file a direct appeal from the state district court's judgment of conviction and the time in which to do so has long passed.

Separately, Pardee may not now raise his claims in a postconviction action in Nebraska's state courts.  Section 29-3001(4) of the Nebraska Revised Statutes provides that a one-year period of limitation for filing a postconviction motion runs from the latest of four specified dates.  The date applicable here is "[t]he date the judgment of conviction became final by the

-4-

conclusion of a direct appeal or the expiration of the time for filing a direct appeal." Neb. Rev. Stat. § 29-3001(4)(a).

Pardee's "judgment of conviction became final" on July 10, 2013, which was 30 days after the state district court entered its sentencing order (i.e., "the expiration of the time for filing a direct appeal," *see id.*). Thus, Pardee had until July 10, 2014, to file a postconviction motion in the state district court. He did not do so.

For the foregoing reasons, the Court finds Pardee's claims were not presented to Nebraska's appellate courts and they are now barred from presentation. Accordingly, the claims are procedurally defaulted. The Court cannot consider the merits of any procedurally defaulted claim unless Pardee shows cause and prejudice to excuse the procedural default of the claim or he shows that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims . . . federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."); *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999)

-5-

("[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.").

Here, Pardee has not argued, much less shown, cause and prejudice to excuse the procedural default of his claims. In addition, he has not argued the Court's failure to consider his claims will result in a fundamental miscarriage of justice. The Court finds Pardee is not entitled to relief on any of the claims he raised in his habeas corpus petition.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Pardee has failed to make a substantial showing of the denial of a constitutional right. The Court is

-6-

not persuaded that the issues raised in Pardee's petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.  Accordingly, the Court will not issue a certificate of appealability in this case.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 30th day of March, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

_____
     * This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.